

SO ORDERED,

Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| In re: | ) | | |
|---|---|---|---|
| | ) | | |
| DONALD VALZAIN SCHILLING, | ) | Case No.: | 16-13153-JDW |
| | ) | | |
| Debtor. | ) | Chapter | 13 |

## MEMORANDUM OPINION
## AND ORDER GRANTING MOTION TO DISMISS (DKT. # 98)

This case came before the Court for hearing on September 12, 2017, on the Motion to Dismiss Case (the "Motion")(Dkt. # 98) filed by Kim P. Schilling (the "Movant"). Adam Sanford appeared at the hearing on behalf of the Movant. Craig Geno appeared on behalf of Donald Valzain Schilling (the "Debtor"). The chapter 13 trustee, Terre Vardaman (the "Trustee"), appeared on her own behalf and joined in the Motion in open court. The Movant contends that this case should be dismissed because the Debtor's unsecured debt on the date the bankruptcy petition was filed rendered him ineligible to

1

be a debtor under chapter 13 of the Bankruptcy Code.[1] 11 U.S.C. § 109(e). The Debtor argues that the Movant does not have standing to bring the Motion because she does not have an allowed claim in his bankruptcy case. The Debtor further argues that any eligibility issue that existed on the petition date was cured when the Movant's claim was disallowed later in the case, thus dropping the Debtor's unsecured debts below the eligibility threshold.

The Court heard the arguments of counsel and took the Motion under advisement at the conclusion of the hearing. After reviewing the documents of record, the stipulations of counsel, and the applicable law, the Court finds and concludes that the Debtor is ineligible to be a chapter 13 debtor. 11 U.S.C. § 109(e). Accordingly, the Debtor must either convert his case to chapter 7 or 11, or the case will be dismissed.

## I.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b), and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc Dated August 6, 1984. This is a core proceeding arising under Title

---

[1] All statutory citations are to Title 11, United States Code (the "Bankruptcy Code"), unless otherwise noted.

11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## II.   FACTUAL BACKGROUND[2]

The Debtor filed his voluntary chapter 13 bankruptcy petition on September 13, 2016 (the "Petition Date")(Dkt. # 1).  Prior to the Petition Date, the Movant and the Debtor divorced.  The parties agree that on the Petition Date, the Debtor owed the Movant an unsecured debt of $955,025.00 (the "Debt").  The Debt was established pursuant to an Order from the Oktibbeha County Chancery Court due to the Debtor's non-compliance with the June 2009 Chancery Court's Final Decree (the "Chancery Order") in the divorce case.  The parties now agree that the Debt is a general, unsecured debt, not secured by any collateral or entitled to priority under § 507.

The Debtor initially included the Movant as a priority, unsecured creditor in his Schedule E/F, filed on October 13, 2016 (Dkt. # 14, p. 15).  Rather than scheduling the "Total Claim" as $955,025.00, the Debtor instead listed the claim as $5,500.00, which is the monthly payment due from the Debtor to the Movant under the terms of the Chancery Order.  A note was included at the bottom of the entry of this debt that provided it was for "Monthly Payment Amount – Property Settlement," but the total amount of

---

[2] This order contains the Court's findings of fact and conclusions of law pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure.  To the extent any finding of fact is construed to be a conclusion of law, or vice versa, it is adopted as such.

3

the Debt was not listed anywhere on the face of the Debtor's bankruptcy filings. The Debtor also did not list the $5,500 monthly payment to the Movant on his schedule of ongoing monthly expenses (Dkt. # 14).

On June 2, 2017, the Movant filed a proof of claim for the full amount of the Debt, $955,025.00 (Claim No. 12), alleging that the Debt was entitled to priority as a domestic support obligation.[3] That same day, the Movant also filed an Objection to Confirmation (Dkt. # 78), arguing that plan confirmation was due to be denied and the case dismissed because the plan failed to provide for the payment of a domestic support obligation – the Debt. The Debtor objected to the Movant's claim on June 26, 2017, on the grounds that it was both untimely and not entitled to priority (Dkt. # 85). At the hearing on September 12, the Movant conceded that her claim had been filed after the bar date and was untimely. Accordingly, the Court entered orders sustaining the Debtor's objection to the Movant's proof of claim (Dkt. # 109) and overruling the Movant's objection to confirmation of the Debtor's plan (Dkt. # 108).

On July 17, 2017, the Movant filed the Motion to Dismiss, alleging that the Debtor is ineligible to be a debtor because the total unsecured debt exceeded the unsecured debt limit for chapter 13 debtors found in § 109(e) on

---

[3] The parties later agreed that the Debt was not a domestic support obligation as defined in § 101(14A), and thus was not entitled to priority under § 507(a)(1).

4

the Petition Date. At the hearing on the Motion, the chapter 13 trustee joined the Motion, noting that if the Debt had been properly scheduled by the Debtor in its full amount, she would have known that the § 109(e) limits had been exceeded and brought a motion to dismiss on that ground herself.

The import of this Motion to the Movant is substantial. If the Motion fails and the Debtor is found to be eligible to be a chapter 13 debtor, then the Debt would be discharged upon the Debtor's completion of his plan and entry of his chapter 13 discharge.[4] 11 U.S.C. § 1328(a). The Movant would effectively lose a claim approaching a million dollars awarded to her in the parties' divorce. Conversely, the entire Debt would be nondischargeable as a matter of law in either a chapter 7 or chapter 11 bankruptcy. 11 U.S.C. §§ 523(a)(15); 1141(d)(2); *Humphries v. Rogers (In re Humphries)*, 516 B.R. 856, 864-65 (Bankr. N.D. Miss. 2014)(acknowledging that § 523(a)(15) debts are dischargeable in chapter 13 but not in other chapters).

### III. CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. § 109(e), "[o]nly an individual . . . that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than [$394,725] and noncontingent, liquidated, secured debts of

---

[4] It seems unlikely that the Movant would fail to timely file a proof of claim for the Debt in any subsequent chapter 13 case, so this case is probably the Debtor's only legitimate chance to be found eligible for chapter 13 relief given his current circumstances.

5

less than [$1,184,200] . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e).[5]

In order to count toward the § 109(e) debt limit, an unsecured debt must be both "noncontingent" and "liquidated." 11 U.S.C. § 109(e). Neither term is defined for purposes of § 109(e) eligibility, but courts have generally held that a debt is contingent if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event. *In re Hatzenbuehler,* 282 B.R. 828, 835 (Bankr. N.D. Tex. 2002). When the "triggering event" occurs before the filing of the chapter 13 petition, that creditor's claim is noncontingent. *Id.* Likewise, a debt is "liquidated" if its amount is readily and precisely determinable, as where the claim is determinable by reference to an agreement, judgment, or by simple computation. *See, e.g., In re Nikoloutsos*, 199 F.3d 233, 238 (5th Cir. 2000). The parties agree that the Debt is unsecured and that it was both noncontingent and liquidated as of the Petition Date. The only remaining issues, then, in determining whether the Debtor is eligible for chapter 13 relief are whether the Movant has standing to prosecute to Motion to Dismiss and, if so, whether the Petition Date is the appropriate date on which to

---

[5] Pursuant to § 104(a), the § 109(e) dollar amounts are adjusted every three years with reference to the Consumer Price Index for All Urban Consumers, published by the Department of Labor. These dollar amounts were in effect as of the Petition Date.

6

determine the amount of the Debtor's unsecured debt. The Court answers both questions in the affirmative.

### A. Standing

First, it is immaterial whether the Movant had standing to move to dismiss this case, because the Court of Appeals for the Fifth Circuit has held that it is proper for a bankruptcy court to consider § 109(e) eligibility *sua sponte*. *In re Hammers*, 988 F.2d 32, 34-35 (5th Cir. 1993). When presented with the undisputed evidence that the Debtor exceeded the § 109(e) unsecured debt limits on the Petition Date, this Court had the authority to issue a *sua sponte* dismissal order. In addition, the Trustee has standing to move to dismiss the case under § 1307 or to object to confirmation under § 1325(b)(1) on eligibility grounds, and she did in fact join in the Motion at the hearing. The Debtor has not articulated any reason why the Trustee's *ore tenus* joinder was improper, other than its timing, which is addressed below.

Some courts hold that a bankruptcy court should evaluate a debtor's eligibility for chapter 13 relief under § 109(e) by looking only at the face of the debtor's schedules, unless the court determines that they were not filed in good faith. *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 982 (9th Cir. 2001)(because a debtor's schedules are subscribed under penalty of perjury, and because chapter 13 eligibility is to be determined efficiently, it is appropriate to use the debtor's schedules in determining the amount of

7

qualifying debt for purposes of section 109(e) eligibility); *In re Lybrook*, 951 F.2d 136, 138-39 (7th Cir. 1991); *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751, 757 (6th Cir. 1985)("Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith."); *But see In re Wentz*, 2014 WL 5791564, *2 (Bankr. E.D. Ky. Nov. 6, 2014)(holding a court is not bound by schedules "where it appears to a legal certainty that an amount owed is other than what the debtor says is owed")(citation omitted).

The amount of the Debt contained in the Chancery Order and agreed to by the parties is accurate (and certainly more accurate than the $5,500.00 in the Debtor's schedules). Furthermore, while the Court is not finding that the Debtor's schedules were filed in bad faith, the total amount of the Debt as scheduled was clearly inaccurate. No one (except the Movant who is the obligee of the Debt) would have known from a review of the schedules that the Debtor was even approaching, much less exceeding, the § 109(e) debt limitations. The Trustee clearly had standing to move to dismiss the case under § 1307, and in fact made an *ore tenus* joinder to the Motion at the hearing. In addition, the Trustee also would still have standing to object to confirmation under § 1325(b)(1) on the same ground. No due process concerns are implicated, as the basis of the Trustee's joinder is the same as the ground for dismissal in the Motion – the Debtor's ineligibility for chapter

13 relief under § 109(e). Even if the Court did not take up eligibility *sua sponte*, the Trustee clearly has standing to raise the issue.

Even still, the Debtor argues that because the Movant does not have an allowed claim in his bankruptcy case, she lacks standing to file and prosecute the Motion. In support of this argument, the Debtor relies on the case of *In re Parandeh*, 2015 WL 430383 (Bankr. E.D. Va. Jan. 28, 2015). In that case, an individual objected to confirmation of the debtor's chapter 13 plan on the ground that it failed to meet the disposable income test contained in § 1325(b)(1). Like the Movant, the objecting individual's claim was disallowed because it was filed after the bar date. *Parandeh*, 2015 WL 430383 at *7. Unlike the Debt here, though, the debt owed to the objecting individual in *Parandah* was nondischargeable, having been found so in a prior chapter 7 case. *Id.* at *2. The court held that because the objecting creditor no longer had a pecuniary interest in the *Parandeh* debtor's case (because she did not have an allowed claim and her claim was nondischargeable, so she had nothing to lose), she was not a party in interest entitled to object to confirmation or move to dismiss the case. *Parandeh*, at *6 (*citing Green v. Sheppard (In re Sheppard),* 173 B.R. 799, 806 (Bankr. N.D. Ga. 1994); *In re Stewart,* 46 B.R. 73, 75-76 (Bankr. D. Or. 1985)).

The *Parandeh* court noted that the holdings in *Stewart, Sheppard*, and other similar cases all "turn on whether or not the objecting creditor's claim

9

would be discharged in the chapter 13 case," a factor that was not applicable in *Parandeh*. *Id.* at * 5. For example, the Bankruptcy Appellate Panel for the First Circuit has held that a creditor whose claim was disallowed still had standing to move to dismiss the debtor's chapter 13 case, explaining that the creditor still had a pecuniary interest in the case, and hence standing, because its claim was subject to being discharged in the debtor's bankruptcy proceeding. *Torres Martinez v. Arce (In re Torres Martinez)*, 397 B.R. 158, 164 (B.A.P. 1st Cir. 2008).

Like the creditor in *Torres Martinez*, and unlike the debtor in *Parandeh,* Movant still has a pecuniary interest in the Debtor's case even after the disallowance of her claim. The disallowance of her claim only "curtail[s] [her] right to payment under a confirmed plan which would have discharged [her] claim were the plan fully performed." *Id. at 164.* The *Parandeh* court noted that an entity may have standing for some purposes but not others. 2014 WL 430383 at *5 (citing *Jensen v. Froio (In re Jensen)*, 369 B.R. 210, 230 (Bankr. E.D. Pa. 2007). For example, an individual without an allowed unsecured claim has standing to object to confirmation of a debtor's plan on good faith and feasibility grounds, because his claim was subject to being discharged, but does not have standing to object regarding the sufficiency of distributions under the plan because he would not participate in the distribution. *Id.* Accordingly, because the Movant has a

10

pecuniary interest in the Debtor's bankruptcy case as her claim is subject to being discharged, she remains a party in interest entitled to move to dismiss the case under § 1307 on the basis that the Debtor's unsecured debts exceed the limits provided for under § 109(e).

The Movant had standing to file and prosecute the Motion. The Trustee had standing to join in the Motion, which she did, or to file and prosecute her own separate motion or objection to confirmation. Finally, the Court may dismiss a case due to a debtor's ineligibility under § 109(e) on its own. Therefore, the only remaining issue is the determination of the appropriate date on which to determine the amount of the Debtor's unsecured debt for purposes of § 109(e) eligibility.

### B. Date for Determining Eligibility

Pursuant to 11 U.S.C. § 109(e), "[o]nly an individual . . . that owes, *on the date of the filing of the petition*, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. §§ 104, 109(e)(emphasis added). The plain language of the statute makes clear that the petition date is the relevant reference point for determining eligibility. 11 U.S.C. § 109(e); *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 981-82 (9th Cir. 2001); *People's Bank v. Winder (In re Winder),* 171 B.R. 728, 730 (Bankr. D. Conn. 1994)(petition date is the

operative date for § 109(e) determination); *In re Robertson*, 84 B.R. 109, 112 (Bankr. S.D. Ohio 1988)("The concern of the Court is with the total amount of unsecured debt at the time of filing."). Further, the debt calculation in unaffected by events subsequent to the filing date. *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070 (9th Cir. 1999). *See also In re Stern*, 266 B.R. 322, 326 (Bankr. D. Md. 2001)(petition date remains the point of reference when a debtor seeks to convert to chapter 13); *Winder*, 171 B.R. 728, 730. Postpetition forgiveness or extinguishment of an unsecured debt has no bearing on the eligibility determination. *In re Harwood*, 519 B.R. 535, 539-40 (Bankr. N.D. Cal. 2014).

Finally, the Court of Appeals for the Fifth Circuit has held that if, as of the petition date, a judgment has already been entered by a court in excess of the eligibility limits, a debtor is ineligible to be a chapter 13 debtor even if additional litigation remains. *Nikoloutsos v. Nicoloutsos (In re Nikoloutsos)*, 199 F.3d 233 (5th Cir. 2000)(holding that a debtor was ineligible to convert his case to chapter 13 because at the time of his petition, a judgment for compensatory damages of over $600,000 had already been entered). The Chancery Order, entered before the Petition Date, provided that the Debtor owed the Movant well in excess of the § 109(e) debt limits. Accordingly, as of the Petition Date, the Debtor was ineligible to be a chapter 13 debtor. 11 U.S.C. § 109(e).

12

## V. CONCLUSION

For the reasons set forth above, the Debtor is ineligible to be a chapter 13 debtor. 11 U.S.C. § 109(e). Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that the Movant's Motion to Dismiss (Dkt. # 98) is GRANTED. The Debtor shall have 14 days to file a Motion to Convert to chapter 7 or chapter 11, should he be otherwise eligible to do so, failing which this case shall be DISMISSED.

##END OF ORDER##